BOWLING, Justice,
dissenting:
I dissent in part and would remand the case for an additional sentence hearing.
So far as I can ascertain, this is the first case resulting in a conviction under Mississippi Code Annotated section 97-21-7 (1972), although it has been a part of the Code for many years. This conviction and the majority opinion certainly serve to call attention of this section to the many notary publics and other officials authorized to take acknowledgments of persons executing all types of instruments. The opinion should serve as a cautionary measure that the statute should be complied with in all instances of taking acknowledgments.
I have no choice but to agree that the jury had ample evidence to support its finding of guilty under the language of the statute. The part that gives me concern is the sentencing provisions. Unfortunately, this statute is included in the chapter styled “Forgery and Counterfeiting,” which includes statutes pertaining to all types of forgery. The chapter concludes with one sentencing statute, including that pertaining to the statute in question. Practically all of the forgery statutes require a criminal intent. Section 97-21-7, under which appellant was convicted, merely requires that the act was done “wilfully and falsely.”
The record does not show that a presen-tence investigation and hearing were conducted prior to the imposition of appellant’s sentence. Without criminal intent, the sentence appears to be harsh. I hasten to say that this Court should not unduly interfere with the sentencing procedure of the lower court. The learned circuit judge was in a much better position to evaluate the required sentence than this Court. After reading the whole record, it probably does not contain the complete picture of the sentencing procedure and results. For instance, it in no way (and properly so) reflects what incidents or charges resulted to other persons who obviously were involved in this entire matter. We do not single out any person, but for the purpose of example, the record shows that the matter was started by a finance company in checking a title for a prospective purchaser of the land described in the forged deed; a description of the perpetrator of the deed was available; the person or firm cutting the timber off the land under the provisions of the forged deed, and other facts which show a strong probability that one or more other persons were more involved in this matter than appellant.
For these reasons and in order to insure the application of justice, I am of the opinion that the cause should be affirmed as to conviction and remanded for an investigatory sentence hearing, after which the lower court should reconsider the imposition of sentence. I do not mean to state that after this additional sentence hearing this sentence should be reduced. I have sufficient confidence in the trial judge to leave this to his discretion. Of course, I further realize that under the present sentence and under the majority opinion, due to the fact that the sentence was for a term in the county jail, the lower court, if subsequent developments warrant, could take care of any improper sentence by suspension, etc.
As stated at the outset, for the purpose of insuring justice, I would affirm the cause and remand it to the lower court for a further sentence hearing.
COFER, J., joins in this dissent.